# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN G. LACUESTA, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 2:10-CV-0064-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Well Fargo's Motion to Dismiss Plaintiffs' Complaint (#4). Plaintiffs filed a response in opposition (#7) to which Defendants replied (#8). Plaintiffs then filed Supplemental Points and Authorities (#15) to which Defendants replied (#16). Also before the Court is Plaintiffs' Motion to Declare Sale Void (#13). Defendants filed a response in opposition (#17) to which Plaintiffs replied (#18).

I. Procedural History and Background

    Plaintiffs' Complaint alleges that on or about September 5, 2007, Plaintiffs obtained a fixed rate mortgage for approximately $239,000.00 from Home American Corporation which obtained a security interest in the property. On or about December 2007, Home American sold Plaintiffs' loan to Defendant Wells Fargo which obtained a security interest in the property. Plaintiffs made regular monthly payments to Wells Fargo.

However, in February 2009, Plaintiffs received a call from Wells Fargo informing them that Wells Fargo had not received payments for January and February 2009. Plaintiffs informed Wells Fargo that both payments had been made and "to call back if there was a problem." Plaintiffs did not receive any other information regarding late payments until May 2009 when they received the Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") which was recorded with Clark County on May 5, 2009. The Notice of Default was recorded by National Default Servicing Corporation. National Default Servicing Corporation was assigned as trustee on August 7, 2009.

Plaintiffs then contacted Wells Fargo and were informed that they were behind two months payments. Though Plaintiffs disputed their payment history, they sent another check for $4,500.00. Plaintiffs allege that they never missed a payment and continued to make payments in the amount of $1,850.00 every month. Wells Fargo informed Plaintiffs that they did receive the checks, but were holding them. As a result, Plaintiffs' home was foreclosed on. Plaintiffs also allege that they never received a Notice of Sale.

Plaintiffs filed the present complaint on December 17, 2009 in Nevada state court. Defendant Wells Fargo filed its Notice of Removal on January 15, 2010. Plaintiffs' complaint asserts causes of action for injunctive relief, lack of standing to foreclose (defendants did not own note and mortgage), contractual bad faith, negligent and intentional misrepresentation, wrongful foreclosure and quiet title. Defendants have now moved to dismiss Plaintiffs' complaint. Plaintiffs have moved to declare the sale void asserting a violation of NRS § 107.080(4)(b).

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

A.  Motion to Void Sale Under NRS § 107.080(4)(b)

Plaintiffs assert that Defendant violated NRS § 107.080(4)(b) which requires: that in addition to recording the notice of sale, that Defendants provide proper notice by "posting a similar notice particularly describing the property for twenty days successively[.]" The recorded Notice of Sale demonstrates that it was executed and recorded on August 6, 2009. The Notice was posted the same day, and each day thereafter. The trustee's sale was set for and conducted on August 27, 2009.

Plaintiffs assert that Defendants cannot count the day the Notice was recorded and first posted in complying with the statute. Plaintiffs argue that Nevada Rule of Civil Procedure 6(a) does not allow the day of the "act" (i.e. the day the Notice was posted or recorded) to be counted. However, NRCP 6(a) does not apply to the statute. Furthermore, the plain language of the statute requires only that the notice be posted for twenty consecutive days without reference or care for which day counts as the first. Here, no harm has been suffered by counting the day the Notice of Sale was posted and recorded. Furthermore, by doing so, Defendant Wells Fargo strictly complied with the statute.

Accordingly, Plaintiffs' motion to void the sale is denied, and portion of the complaint asserting a cause of action involving this claim is dismissed.

### B.  Preemption

Defendants asset that all of Plaintiffs' state law claims are preempted by the National Bank Act, 12 U.S.C. § 21, *et. seq.*, and the regulations of the Office of the Comptroller of the Currency. See Watters v. Wachovia Bank, N.A., 127 S.Ct. 1559, 1567 (2007).  However, the Court declines to extend preemption to the allegations of this action.  First, the Court will dismiss almost all claims on state law grounds.  The only remaining claims, wrongful foreclosure and breach of the duty of good faith and fair dealing, are not preempted.  The State of Nevada has a fundamental interest in protecting its citizens from predatory lenders who willingly foreclose in situations where borrowers have made all payments or cured a default as alleged by Plaintiffs.  Allowing homeowners relief in such situations is not "attempting to use state laws of general applicability to regulate national banks[.]" Defendant's Motion to Dismiss, page 7, 23-25.  Furthermore, 12 C.F.R. § 34.4(b) does not preempt the wrongful foreclosure claim because allowing damages to parties whose homes are wrongfully foreclosed does not interfere with servicing of the loan.

### C.  Injunctive Relief

Plaintiffs admit that any injunctive relief claim must be brought against Defendant Department of Veteran Affairs, not Defendant Wells Fargo.  Accordingly, the Court grants Defendant Wells Fargo's motion to dismiss this claim.

### D.  Defendant Well Fargo Not True Owner of the Note

Plaintiffs allege that, because Defendant did not produce the original Note, Defendant did not qualify as a holder in due course and had no right to act on the Deed of Trust, declare default, or proceed with the foreclosure.  Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt."  NRS § 107.020. When a debtor defaults, the creditor beneficiary may resort to its security in a trustee's sale as a means of satisfying the debtor's obligation. NRS § 107.080.

4

1   The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS § 107.080 *et seq*. The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. NRS § 107.080(3). After the notice of default is recorded, the grantor has 35 days or, in the case of owner-occupied housing, up to 5 days before the foreclosure sale, in which to cure the deficiency in payment. Three months after recording the notice of default, a foreclosure sale may be conducted. NRS § 107.080(2)(d). However, the trustee must first give notice of the time and place of the sale. NRS § 107.080(4). At the appointed time and place, a sale is conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Section 107.080 provides that the "power of sale" is conferred upon the "trustee." Section 107.080(b) expressly states that the trustee can execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." Plaintiffs have failed to cite to any authority under Nevada law that a trustee's power of sale is tied to the presentment of the original note to the debtor.

Additionally, at least under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)). See, e.g., Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583 P.2d 449, 451 (Nev.1978) (stating that Nevada courts often look to California law where Nevada law is silent). Therefore, Plaintiffs' second cause of action is dismissed without leave amend.

5

E.  Bad Faith–Breach of the Duty of Good Faith and Fair Dealing

Though Plaintiffs label their third cause of action "Contractual Bad Faith" the allegations of the complaint clearly set out a claim for breach of the duty of good faith and fair dealing.  Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."  A.C. Shaw Constr. v. Washoe County, 784 P.2d 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith."  Hilton Hotels v. Butch Lewis Prods., 808 P.2d 919, 923 (Nev. 1991).

Plaintiffs' claim for breach of the duty of good faith and fair dealing adequately sets out a claim because they allege facts indicating that Defendants were "unfaithful to the purpose of the contract."  See Hilton Hotels, 808 P.2d at 932.  Here, Plaintiffs assert that Defendant Wells Fargo refused to accept a tender of payments by Plaintiffs resulting in the foreclosure of Plaintiffs' home.

F.  Negligent and Intentional Misrepresentation

Misrepresentation is a form of fraud where a false representation is relied upon in fact.  See Pacific Maxon, Inc. v. Wilson, 96 Nev. 867, 871 (Nev. 1980).  Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Morris v. Bank of Nev., 886 P.2d 454, 456 n.1 (Nev. 1994).

Plaintiffs admit that its claims for misrepresentation have been inadequately pled and consent to dismissal of those claims.  Accordingly, these claims are dismissed without prejudice.

G.  Wrongful Foreclosure

Plaintiffs assert three grounds for their wrongful foreclosure claims.  First, Plaintiffs assert that though they timely made payments, or cured late payments, Defendant Wells Fargo refused to

1  cash the checks and foreclosed on the home.  Second, Plaintiffs argue that the Notice of Default was
2  void because National Default Services Corporation was not a trustee or beneficiary when the Notice
3  was sent.  Finally, Plaintiffs argue that they were not sent a Notice of Sale.
4       The Court agrees with Plaintiffs that they have adequately stated a claim for wrongful
5  foreclosure based on the first ground and third ground.  See Collins v. Union Federal Sav. & Loan
6  Ass'n, 662 P.2d 610, 623 (Nev. 1983)(a tort action for wrongful foreclosure does exist in Nevada,
7  but only if "no breach of condition or failure of performance existed on the mortgagor's or trustor's
8  part which would have authorized the foreclosure or exercise of power of sale").  Furthermore,
9  Defendant's motion to dismiss does not address Plaintiffs' claim that they were not sent a Notice of
10 Sale.  It is clear that a Notice of Trustee's Sale was recorded, but the record is void of proof that it
11 was sent to Plaintiffs.
12      However, the Court dismisses Plaintiffs' claim for wrongful foreclosure on the second
13 ground.  National Default Servicing Corporation was acting as an agent for Wells Fargo, who was
14 acting as an agent for the beneficiary as servicer of the loan when the Notice of Default was sent.
15 Accordingly, under NRS §170.080 National acted with proper authority.
16      H. Quiet Title
17      Plaintiffs' claim for quiet title must be dismissed, because the party title is vested in,
18 Secretary of the Department of Veteran Affairs, has not been timely served in this action.  Though
19 given notice by the Court to provide proof of service on this party, Plaintiffs have failed to respond.
20 Since the Secretary of the Department of Veteran Affairs is a necessary party to any action to quiet
21 title, the Court must dismiss this claim.
22 IV.  Remaining Defendants
23      Plaintiffs' complaint was filed on December 17, 2009.  Federal Rule of Civil Procedure 4(m)
24 requires service of summons and complaint to be made upon a defendant 120 days after the filing of
25 the complaint.  The 120 day time period for effecting service of the summons and complaint upon
26 Defendants Veteran Affairs United States [sic] and National Default Servicing Corporation expired

no later than April 17, 2010.  On July 28, 2010, the Court ordered Plaintiffs to file proof of service of the summons and complaint no later than August 27, 2010, and warned Plaintiffs that failure to do so would result in the complaint against Defendants Veteran Affairs and National being dismissed without prejudice.

Plaintiffs have failed to file proof of service on Defendants, or to otherwise respond to the Court's order.  Therefore, the Court dismisses Plaintiffs' complaint without prejudice against Defendants for failure to serve Defendants in compliance with Rule 4(m).

V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Well Fargo's Motion to Dismiss Plaintiffs' Complaint (#4) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Plaintiffs' First, Second, Fourth, Fifth, and Seventh Causes of Action are **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiffs' claim for wrongful foreclosure based on NRS § 107.080 is **DISMISSED**;

**IT IS FURTHER ORDERED** that the claims against Defendants Veteran Affairs United States [sic] and National Default Servicing Corporation are **DISMISSED without prejudice** in accordance with Rule 4(m);

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Declare Sale Void (#13) is **DENIED**.

DATED this 27th day of September 2010.

_____
Kent J. Dawson
United States District Judge